FILED

JUL 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FATIMA MARIBEL MALDONADO-CHINCHILLA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74615 <br><br> Agency No. A078-179-698 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Fatima Maribel Maldonado-Chinchilla, a native and citizen of Honduras,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's ("IJ's) decision denying her application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000), and we deny the petition for review.

Maldonado-Chinchilla testified that her boyfriend raped her, and that she suffered other domestic violence. Substantial evidence supports the IJ's finding that Maldonado-Chinchilla did not establish the abuse she suffered constituted persecution because she failed to show the government was unwilling or unable to protect her from her boyfriend. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (petitioner who did not report being raped by her boyfriend to authorities did not show "that an agent of the government of Honduras committed the rapes, or that the government of Honduras is unable or unwilling to control rape in that country").

Because Maldonado-Chinchilla did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See id.*

Finally, substantial evidence also supports the IJ's denial of CAT relief because petitioner failed to show it is more likely than not that she would be tortured if removed to Honduras. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**.